

**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500  Main
+1 215 698 3599  Fax
www.dechert.com

**STEVEN BIZAR**
*Partner*

Steven.bizar@dechert.com
+1 212 698 3500  Main
+1 215 698 3599  Fax

August 20, 2025

**VIA ECF**

Hon. P. Kevin Castel
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *Whalen v. Epiq Systems, Inc., et al.*, No. 25-cv-04499-PKC

Dear Judge Castel:

        We write on behalf of our client, Defendant JND Legal Administration ("JND"), in the above-referenced matter regarding a joint request by Defendants JND, Angeion Group LLC, Epiq Systems, Inc., The Huntington National Bank, and Western Alliance Bank (collectively, "Defendants") and Plaintiff Mary Jane Whalen ("Plaintiff").  In accordance with Rule 1(C) of this Court's Individual Practices in Civil Cases, all parties jointly and respectfully request the Court stay this case pending the ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on a pending motion to transfer and consolidate this case with four other pending actions.  Specifically, the parties request a stay of all impending deadlines, including: (1) the Initial Pretrial Conference ("IPC") scheduled for September 2, 2025; (2) the associated IPC joint letter due August 25, 2025; and (3) Defendants' September 5, 2025 deadline to respond to the Complaint.  *See* Dkt. 41.  While certain deadlines in this case were previously extended, *see id.*, the parties respectfully submit that staying these deadlines pending a ruling from the JPML will best conserve judicial resources and ensure the efficient disposition of this case.

        This case is one of five pending cases involving overlapping allegations.  The other four cases are (1) *Baker v. Angeion Group LLC, et al.*, 25-02079 (E.D. Pa.) ("*Baker*"); (2) *Whalen, et al., v. Epiq Systems, Inc., et al.*, No. 25-4522 (N.D. Cal.); (3) *Tejon v. Epiq Systems, Inc., et al.*, No. 25-22453 (S.D. Fla.); and (4) *Rieger v. Epiq Systems, Inc., et al.*, No. 25-4793 (N.D. Cal.) (collectively, the "Related Actions").  The Defendants are named in each of the Related Actions. The plaintiffs in the *Baker* case recently filed a motion before the JPML seeking to transfer all pending (and any yet-to-be filed) cases involving similar allegations and claims for coordinated or consolidated pretrial proceedings (the "JPML Motion").  *See In re: Class Action Settlement Admin. Lit.,* MDL No. 3162 (J.P.M.L., Aug. 13, 2025), Dkt. 1.

        The JPML may decide to consolidate this case with the Related Actions, either in this Court or another district court.  If the cases are transferred to another district, this Court will not need to rule on any motion(s) to dismiss.  If the cases are transferred to this Court, Plaintiffs may file an amended complaint.  Rather than burden the Court with motion practice that may become moot



Honorable P. Kevin Castel
August 20, 2025
Page 2

through the JPML's decision, the parties respectfully request that the deadlines in this case be stayed pending the JPML's decision.

The Court has discretion to stay this case pending the JPML's resolution of the JPML Motion. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (citation omitted). Indeed, "[c]ourts within this Circuit frequently stay a case where there is a motion to transfer to a multi district litigation court pending before that court." *Xchange Telecom Corp. v. Sprint Spectrum*, No. 14-0054, 2015 WL 6829049, *2 (N.D.N.Y. Nov. 6, 2015) (citations omitted); *see also Ritchie Cap. Mgmt., LLC v. Gen. Elec. Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) ("It is common for courts to stay an action pending a transfer decision by the JPML."). And, in fact, this Court has granted similar requests in other matters. *See, e.g.*, *Agro v. Exactech, Inc., et al.*, Case No. 22-2134 (S.D.N.Y. July 28, 2022) (Castel, J.), Dkt. 16 (staying defendants' deadline to answer, move to dismiss, or otherwise respond to complaint pending the JPML's disposition of motion to transfer).

In determining whether to stay proceedings pending a transfer decision, courts consider: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020). Here, these factors support the stay of this litigation pending a decision by the JPML.

First, all parties agree that a stay is in the interests of the parties here and Plaintiff will not be prejudiced by the short stay requested here. *See Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 372 (S.D.N.Y. 2013) ("short delays caused by staying proceedings until the JPML decides whether to transfer a case usually do not prejudice the plaintiff"). The JPML has an established hearing schedule and generally issues a decision within a matter of weeks of any argument related to motions before it. *See Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*, No. 05-0453, 2005 WL 3555926, at *1 (E.D.N.Y. Dec. 23, 2005) ("[A]ny stay relative to the MDL Panel's decision will be relatively short in duration and will not prejudice plaintiffs."). Thus, the parties submit that staying this case pending the JPML's ruling on the JPML Motion will not prevent the speedy resolution of this matter.

Second, granting a stay here will benefit the parties by avoiding the prospect of litigating similar allegations in multiple courts around the country, creating the risk of inconsistent rulings on motions to dismiss or discovery. *See Royal Park*, 941 F. Supp. 2d at 372 (explaining that "the risk of hardship to [defendant] of engaging in duplicative motion practice and discovery proceedings outweighs any prejudice that could potentially inure to plaintiff") (citation omitted); *Rojas v. Teva Pharma. USA, Inc.*, No. 20-6448, 2020 WL 8513143, at *1 (S.D.N.Y. Dec. 1, 2020) (finding "[a] stay will allow Plaintiff and Defendants to avoid the risk of duplicating their briefing on Defendants' motion to dismiss" and "will also reduce the risk of inconsistent rulings.").



The final three factors also weigh in favor of a stay. A "fundamental goal[]" of multidistrict litigation is conserving judicial resources. *Royal Park*, 941 F. Supp. 2d at 373. Further, conserving judicial resources also serves "the interests of . . . the public." *Catskill Mountains Chapter of Trout Unlimited, Inc., v. U.S. EPA*, 630 F. Supp. 2d 295, 306 (S.D.N.Y. 2009); *see also Readick v. Avis Budget Grp., Inc.*, No. 12-3988, 2014 WL 1683799, at \*6 (S.D.N.Y. Apr. 28, 2014) ("[C]onsiderations of judicial economy are frequently viewed as relevant to the public interest, and, as noted, they weigh against the investment of court resources that may prove to have been unnecessary.") (citation omitted).

The parties have conferred and agree that these five factors all weigh in favor of this Court's staying all operative deadlines in this case. Thus, the parties respectfully request that the Court stay the following deadlines: (1) the IPC, scheduled for September 2, 2025; (2) the deadline for submitting the associated joint letter for the IPC on August 25, 2025; and (3) Defendants' September 5, 2025 deadline to respond to the current Complaint. *See* Dkts. 15, 41.

The parties also request that the Court modify the deadline for Defendants to answer, move to dismiss, or otherwise respond to the Complaint as follows: (1) if the JPML grants Plaintiffs' JPML Motion, and the matter is consolidated before this Court, Defendants will have sixty (60) days after the filing of a consolidated complaint to answer, move to dismiss, or otherwise respond to the consolidated complaint; or (2) if the JPML denies Plaintiffs' JPML Motion, Defendants will have forty-five (45) days from the date of the JPML's order denying the JPML Motion to answer, move to dismiss, or otherwise respond to the Complaint.

For the reasons above, the parties respectfully request that this Court stay this case pending the JPML's decision.

Respectfully submitted,

*/s/ Steven Bizar*

Steven Bizar
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(215) 994-2205
(212) 698-3500
Steven.bizar@dechert.com

*Counsel for JND Legal Administration*

cc: Counsel for the parties via ECF



## CERTIFICATE OF SERVICE

I, Steven Bizar, hereby certify that, on August 20, 2025, I caused the foregoing document

to be filed via the Court's Case Management/Electronic Case Files (CM/ECF) system, and that all

CM/ECF users will be served electronically by the CM/ECF system.


Dated: August 20, 2025

*/s/ Steven Bizar*
Steven Bizar
DECHERT LLP
2929 Arch Street
Cira Centre
Philadelphia, PA 19104
Phone: (215) 994-4000
steven.bizar@dechert.com

*Attorney for JND Legal Administration*